# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-675-RJC-DCK

| | |
|---|---|
| JAMES RINK, | )
|       Plaintiff, | ) |
| v. | ) **MEMORANDUM AND ORDER** |
| | ) **AND RECOMMENDATION** |
| CITIBANK, N.A., CITIBANK, SOUTH DAKOTA, N.A., BERNHARDT AND STRAWSER P.A., TONYA URPS, and MICHAEL STEIN, | ) |
|       Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Leave To Amend Complaint" (Document No. 16). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and, applicable authority, the undersigned will <u>grant</u> the motion.

## BACKGROUND

*Pro se* Plaintiff James M. Rink ("Plaintiff") filed his original "Complaint" (Document No. 1) in this Court on October 11, 2012. The Bernhardt Defendants' filed a "Motion To Dismiss" (Document No. 8) on December 13, 2012. On December 28, 2012, Plaintiff requested additional time to respond to Defendant Citibank N.A.'s Motion To Dismiss, perhaps confusing which Defendant had filed the motion to dismiss. (Document No. 10). The "Motion To Dismiss By Defendants Citibank, N.A. And Citibank, South Dakota, N.A." (Document No. 11) was

actually filed on January 9, 2013.  Later, on January 9, 2013, the undersigned issued an "Order" (Document No. 15) allowing Plaintiff up to January 29, 2013, to respond to *both* pending motions to dismiss.  The pending motion to amend was timely filed on January 16, 2013. (Document No. 16).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed.R.Civ.P. 15(a)(1).  Rule 15 further provides:

> **(2) Other Amendments.**  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile."  Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001); see also, Foman v. Davis, 371 U.S. 178, 182 (1962).  However, "the grant or denial of an opportunity to amend is within the discretion of the District Court."  Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

**DISCUSSION**

It appears that there has been no initial attorney's conference and that no discovery has taken place thus far. Moreover, Plaintiff's motion to amend was filed within twenty-one (21) days of the most recent motion to dismiss and the extended deadline allowed for responses to both motions to dismiss. (Document Nos. 11, 15, and 16); see also, Fed.R.Civ.P. 15(a)(1). After careful consideration of the record and the motion, and noting Plaintiff's *pro se* status, the undersigned finds that Plaintiff's motion to amend should be granted. Any future request to amend would, at minimum, require Defendants' written consent, or require Plaintiff to show cause why justice required such further amendment. Fed.R.Civ.P. 15(a)(2).

Therefore, because the undersigned will order Plaintiff to file his Amended Complaint which will supersede the original Complaint, the undersigned will respectfully recommend that the Bernhardt Defendants' "Motion To Dismiss" (Document No. 8) and the "Motion To Dismiss By Defendants Citibank, N.A. And Citibank, South Dakota, N.A." (Document No. 11) be denied as moot. This recommendation is without prejudice to Defendants filing a renewed motion to dismiss the Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule .... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192

F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc., 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Leave To Amend Complaint" (Document No. 16) is **GRANTED**. Plaintiff shall file an Amended Complaint on or before **January 25, 2013**.[1]

**IT IS RESPECTFULLY RECOMMENDED** that the Bernhardt Defendants' "Motion To Dismiss" (Document No. 8) and the "Motion To Dismiss By Defendants Citibank, N.A. And Citibank, South Dakota, N.A." (Document No. 11) be **DENIED AS MOOT**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315 16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**SO ORDERED AND RECOMMENDED.**

Signed: January 17, 2013

David C. Keesler
United States Magistrate Judge