UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-675-RJC-DCK

| JAMES RINK, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| CITIBANK, N.A., CITIBANK, | ) |  |
| SOUTH DAKOTA, N.A., | ) |  |
| BERNHARDT AND STRAWSER P.A., | ) |  |
| TONYA URPS, and MICHAEL STEIN, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** comes before the Court on Defendants Bernhardt and Strawser P.A., Tonya Urps and Michael Stein's Motion to Dismiss, (Doc. No. 8), Defendants Citibank, NA, Citibank, and South Dakota, N.A.'s Motion to Dismiss, (Doc. No. 11), and the Magistrate Judge's Memorandum and Recommendation and Order ("MR&O"), (Doc. No. 17), granting Plaintiff's Motion to Amend Complaint and recommending that this Court deny Defendants' Motions to Dismiss as moot. The parties have not filed objections to the MR&O and the time for doing so has expired. FED. R. CIV. P. 72(b)(2).

I.  **BACKGROUND**

The procedural history in this case is somewhat obtuse. Plaintiff filed a Complaint, (Doc. No. 1), on October 11, 2012. Defendants Bernhardt and Strawser P.A., Tonya Urps and Michael Stein filed a Motion to Dismiss, (Doc. No. 8), on December 13, 2012, and Defendants Citibank, NA, Citibank and South Dakota, N.A. filed a Motion to Dismiss, (Doc. No. 11), on January 9, 2013. Plaintiff filed a Motion to Amend Complaint, (Doc. No. 16), on January 16, 2012.

In granting Plaintiff's Motion to Amend, the Magistrate Judge recommended that this Court dismiss as moot the pending Motions to Dismiss. See (Doc. No. 17). The Magistrate Judge further indicated that Plaintiff should file his amended complaint on or before January 25, 2013. However, Plaintiff had already attached a proposed amended complaint to his Motion to Amend. See (Doc. No. 16-1).

On January 29, 2013, Plaintiff filed a Response to Defendants' Motions to Dismiss, asking this Court not to dismiss his suit and again requesting leave to amend his Complaint. See (Doc. No. 18). On February 8, 2013, Defendants Bernhardt and Strawser P.A., Tonya Urps and Michael Stein filed a Reply to Plaintiff's Response. See (Doc. No. 20). In their Reply, Defendants ask this Court to dismiss Plaintiff's original Complaint as a sanction for his failure to file an amended complaint on or before January 25, 2013. (Id.).

## II.  STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely

filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of a Memorandum and Recommendation to which specific written objection has been made. FED. R. CIV. 72(b). No objection to the MR&O having been filed, the parties have waived their right to de novo review of any issue covered in the MR&O. Nevertheless, this Court has conducted a review of the MR&O and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings must be dismissed as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also Collin v. Marconi Commerce Sys. Employees' Ret. Plan, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiff's filing of the Second Amended Complaint"); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint). Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own and **DISMISSES** Defendants' Motions to

Dismiss as moot.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's Memorandum and Recommendation, (Doc. No. 17), is **ADOPTED**;

2. Defendants Bernhardt and Strawser P.A., Tonya Urps and Michael Stein's Motion to Dismiss, (Doc. No. 8), is **DISMISSED** as moot; and

3. Defendants Citibank, NA, Citibank, and South Dakota, N.A.'s Motion to Dismiss, (Doc. No. 11), is **DISMISSED** as moot.

Signed: March 7, 2013

Robert J. Conrad, Jr.
Chief United States District Judge