IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-675-RJC-DCK

| | |
|---|---|
| JAMES RINK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| BERNHARDT & STRAWSER P.A., ) | |
| TONYA URPS, and MICHAEL STEIN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Dismiss" (Document No. 23) of Defendants Bernhardt & Strawser, P.A., Tonya Urps and Michael Stein. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

### I. BACKGROUND

*Pro se* Plaintiff James M. Rink ("Plaintiff" or "Rink") filed his original "Complaint" (Document No. 1) on October 11, 2012, against Citibank, N.A., Citibank, South Dakota, N.A., Bernhardt And Strawser, P.A., Tonya Urps, and Michael Stein ("Defendants"). The Complaint asserts violations of: (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); (2) the North Carolina Unfair Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.*; and (3) the North Carolina Debt College Act, N.C. Gen. Stat. § 75-50, *et seq.* ("NCDCA"). (Document No. 1, p.1).

Defendants Bernhardt & Strawser, P.A., Tonya Urps, and Michael Stein (collectively, the "Bernhardt Defendants") filed a "Motion To Dismiss" (Document No. 8) on December 13, 2012.

On December 28, 2012, Plaintiff requested additional time to respond to Defendant Citibank N.A.'s Motion To Dismiss, perhaps confusing which defendant had filed the motion to dismiss. (Document No. 10). The "Motion To Dismiss By Defendants Citibank, N.A. And Citibank, South Dakota, N.A." (Document No. 11) was actually filed on January 9, 2013. Later, on January 9, 2013, the undersigned issued an "Order" (Document No. 15) allowing Plaintiff up to January 29, 2013, to respond to *both* pending motions to dismiss.

Plaintiff timely filed a "Motion For Leave To Amend Complaint" on January 16, 2013. (Document No. 16). The undersigned issued a "Memorandum And Order And Recommendation" (Document No. 17) on January 17, 2013, granting Plaintiff's motion to amend, and recommending to the Honorable Robert J. Conrad, Jr. that Defendants' motions to dismiss be denied as moot.[1] Judge Conrad issued an "Order" on March 7, 2013 (Document No. 22) affirming the "Memorandum And Recommendation."

The Bernhardt Defendants then filed a renewed "Motion To Dismiss" (Document No. 23) on March 7, 2013, seeking dismissal of Plaintiff's Amended Complaint. "Plaintiffs Response To Defendants Motion To Dismiss (Document No. 23) Amended Complaint" (Document No. 29) was filed on March 18, 2013; and the Bernhardt Defendants' "Reply Brief" (Document No. 30) was filed on March 21, 2013.

"Plaintiffs Stipulation Of Voluntary Dismissal Of Citibank, N.A. And Citibank, South Dakota, N.A." (Document No. 35) was filed on April 23, 2013. As such, the Bernhardt Defendants are the only remaining defendants in this matter, and their "Motion To Dismiss" is fully briefed and ripe for a recommendation to Judge Conrad.

---

[1] Plaintiff failed to properly file an Amended Complaint, consistent with this Court's Administrative Procedures, and the undersigned's "Order" (Document No. 17, p.4). Nevertheless, for purposes of the pending motion to dismiss the Court will accept *pro se* Plaintiff's proposed "First Amended Complaint" (Document No. 16-1).

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

## III. DISCUSSION

The "First Amended Complaint" contends that the Bernhardt Defendants are "debt collectors" and that they are "currently engaged in another legal action with Plaintiff in North Carolina *involving the same issues as this complaint*." (Document No. 16-1, p.3) (emphasis added). The "First Amended Complaint" goes on to explain that the Bernhardt Defendants were retained by Defendant Citibank, South Dakota, N.A., and that they requested payment of "$23,830.66 plus reasonable attorney fees" regarding "a contractual obligation which exists between Plaintiff and Defendant Citibank, South Dakota, N.A." Id. Plaintiff asserts that he "responded with a debt validation letter requesting proof of a contract" and support for the Bernhardt Defendants' request. Id. Plaintiff further asserts that Defendant Urps failed to respond to the debt validation letter. (Document No. 16-1, p.4). The "First Amended

Complaint" then acknowledges that the Bernhardt Defendants "filed a Complaint in the Mecklenburg County General Court of North Carolina with the case number 12-CVD-013001 against Plaintiff" on July 6, 2012. Id.

Plaintiff's "First Amended Complaint" (Document No. 16-1) only asserts a claim against the Bernhardt Defendants in Count I, for alleged violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").  Plaintiff's specific allegations include assertions that Defendants:  falsely represented the character, amount, or legal status of a debt;  used false or deceptive means to collect or attempt to collect a debt;  collected (or attempted to collect) fees or expenses incidental to the principal obligation;  and/or continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities. (Document No. 16-1, pp.4-5).

In their pending motion and supporting memoranda, Defendants first argue that the *Rooker–Feldman* doctrine is applicable here and bars this Court from reviewing the underlying state court judgment.[2] (Document Nos. 23-24).  The Bernhardt Defendants note that "[o]n October 26, 2012, a judgment was entered against Rink in the State Court Litigation in the amount of $23,830.66, plus reasonable attorney's fees in the amount of $3,574.59 and interest." (Document No. 24, p.3); see also (Document No. 23-1).  In short, Defendants argue that Plaintiff cannot prove the underlying debt was not owed, or that the amounts were incorrect, "without violating the *Rooker Feldman* doctrine, because such a determination will conflict with the judgment of the state court."  (Document No. 24, p.6).  One of the cases cited by Defendants, Squirek v. Law Offices of Sessoms & Rogers, P.A., 2003 WL 21026580 (M.D.N.C. May 5, 2004) is especially instructive on the current issues before this Court:

---

[2] The *Rooker–Feldman* doctrine is derived from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). See Brumby v. Deutsche Bank, 2010 WL 617368 (M.D.N.C. Feb. 17, 2010).

> Because the state court already addressed the validity of the debts [Plaintiff] now alleges were not properly validated in state court actions, this Court cannot subsequently examine whether [Defendants] violated the Fair Debt Collection Practices Act on the ground [Plaintiff] asserts, which he contends to be [Defendants'] failure to validate his debts. In order to do so, this Court would have to evaluate issues which could result in the Court effectively overruling the state court's findings. Therefore, pursuant to the *Rooker–Feldman* doctrine, the Court does not have subject matter jurisdiction over the instant matter because Plaintiff's Complaint raises issues that were already adjudicated adversely to him in his [] prior state court proceedings.

Squirek, 2003 WL 21026580 at *5.

The *Rooker–Feldman* doctrine generally prohibits lower federal courts from reviewing state court decisions. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The purpose of the *Rooker–Feldman* is to prevent the exercise of appellate jurisdiction of lower federal courts over state-court judgments. Verizon Md. Inc. v, Public Serv. Comm'n of Md., 535 U.S. 635, 644 n.3 (2002). "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in the United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994). This prohibition extends not only to issues decided by a state court but also to those issues "inextricably intertwined with questions encompassed by such rulings." Plyler, 129 F.3d at 731. A federal claim is inextricably intertwined with a state court where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir.1997) (internal quotation marks omitted).

Even viewing the Complaint in the light most favorable to the *pro se* Plaintiff, the undersigned is convinced that Plaintiff seeks a determination on issues "inextricably intertwined"

5

with, and/or already adjudicated by, the state court. The record is clear that the District Court of Mecklenburg County, North Carolina, in Citibank, N.A. v. James Rink, 12-CVD-13001, entered judgment against James Rink for the precise amount of money he now alleges that the Bernhardt Defendants were wrongfully attempting to collect on behalf of Citibank, South Dakota, N.A. See (Document Nos. 16-1 and 23-1). The state court also awarded the Bernhardt Defendants "reasonable attorney fees." Id. Moreover, Plaintiff acknowledges in *both* his original "Complaint" and his "First Amended Complaint" that "Bernhardt and Strawser is currently engaged in another legal action with Plaintiff in North Carolina *involving the same issues as this complaint*." (Document No. 1, p.3; Document No. 16-1, p.3) (emphasis added).[3]

As stated above, Plaintiff has the burden of proving subject matter jurisdiction exists, and the "existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case." Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir.1999). Plaintiff's response to the motion to dismiss fails to articulate a persuasive argument refuting Defendants' assertion that subject matter jurisdiction is lacking. (Document No. 29).

Based on the foregoing, the undersigned finds that this Court lacks subject matter jurisdiction, consistent with the *Rooker–Feldman* doctrine, and that dismissal is appropriate.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the Bernhardt Defendants' "Motion To Dismiss" (Document No. 23) be **GRANTED**.

---

[3] Plaintiff's original "Complaint" (Document No. 1) was filed in this Court fifteen (15) days before the District Court of Mecklenburg County, North Carolina, entered judgment against James Rink in Citibank, N.A. v. James Rink, 12-CVD-13001.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: June 10, 2013

David C. Keesler
United States Magistrate Judge