# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-675-RJC-DCK

| | |
|---|---|
| JAMES RINK, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| BERNHARDT AND STRAWSER P.A., | ) |
| TONYA URPS, and MICHAEL STEIN, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motion For Attorney's Fees" (Document No. 39). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will respectfully recommend that the motion be granted.

## BACKGROUND

*Pro se* Plaintiff James M. Rink ("Plaintiff" or "Rink") filed his original "Complaint" (Document No. 1) on October 11, 2012, against Citibank, N.A. and Citibank, South Dakota, N.A. ("Citibank Defendants"), and Bernhardt And Strawser, P.A., Tonya Urps, and Michael Stein ("Bernhardt Defendants"). The Complaint asserted violations of: (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); (2) the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50, *et seq.* ("NCDCA"); and (3) the North Carolina Unfair Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.* (Document No. 1).

On November 26, 2012, the Court allowed Plaintiff's "Application To Proceed In District Court Without Prepaying Fees Or Costs" (Document No. 2). (Document No. 5). However, in his "Order" allowing Plaintiff to proceed *in forma pauperis,* the Honorable Robert J. Conrad, Jr. noted that abstention might be appropriate in this case. (Document No. 5, p.3). Judge Conrad specifically observed that there was ongoing litigation in state court that involved the same issues and claims as this lawsuit, and that the federal district court could dismiss a federal action in favor of state-court litigation. Id.

The Bernhardt Defendants filed a "Motion To Dismiss" (Document No. 8) on December 13, 2012. On December 28, 2012, Plaintiff requested additional time to respond to Defendant Citibank N.A.'s Motion To Dismiss, perhaps confusing which defendant had filed the motion to dismiss. (Document No. 10). The "Motion To Dismiss By Defendants Citibank, N.A. And Citibank, South Dakota, N.A." (Document No. 11) was actually filed on January 9, 2013. Both motions to dismiss specifically argued that dismissal was appropriate under the *Rooker – Feldman* doctrine, because a judgment on the underlying issues related to Plaintiff's debt had already been entered against Plaintiff in the state court action. (Document Nos. 8, 9, 11, and 12). Later, on January 9, 2013, the undersigned issued an "Order" (Document No. 15) allowing Plaintiff up to January 29, 2013, to respond to both pending motions to dismiss.

Plaintiff timely filed a "Motion For Leave To Amend Complaint" on January 16, 2013. (Document No. 16). The undersigned issued a "Memorandum And Order And Recommendation" (Document No. 17) on January 17, 2013, granting Plaintiff's motion to amend, and recommending to the Honorable Robert J. Conrad, Jr. that Defendants' motions to

dismiss be denied as moot.[1]  Judge Conrad issued an "Order" on March 7, 2013 (Document No. 22) affirming the "Memorandum And Recommendation."

The Bernhardt Defendants then filed a renewed "Motion To Dismiss" (Document No. 23) on March 7, 2013, seeking dismissal of Plaintiff's Amended Complaint.  The renewed motion again asserted that subject matter jurisdiction was lacking under the *Rooker-Feldman* doctrine. (Document No. 23).  "Plaintiffs Response To Defendants Motion To Dismiss . . ." (Document No. 29) was filed on March 18, 2013;  and the Bernhardt Defendants' "Reply Brief" (Document No. 30) was filed on March 21, 2013.

A "Motion To Dismiss Amended Complaint By Defendants Citibank, N.A. And Citibank, South Dakota, N.A." (Document No. 26) was terminated by the Court following "Plaintiffs Stipulation Of Voluntary Dismissal Of Citibank, N.A. And Citibank, South Dakota, N.A." (Document No. 35) filed on April 23, 2013.

On June 10, 2013, the undersigned issued a "Memorandum And Recommendation" (Document No. 36) recommending that the Bernhardt Defendants' "Motion To Dismiss" (Document No. 23) be granted.  Rink v. Bernhardt & Strawser P.A., 3:12cv675-RJC-DCK, 2013 WL 3712302 (W.D.N.C. July 12, 2013).  The undersigned's "…Recommendation" was primarily based on recognition of the previous and/or ongoing litigation in state court involving the same issues, and the *Rooker-Feldman* doctrine.  Id.  The "Memorandum And Recommendation" states in part:

> Even viewing the Complaint in the light most favorable to
> the *pro se* Plaintiff, the undersigned is convinced that Plaintiff
> seeks a determination on issues "inextricably intertwined" with,

---

[1] Plaintiff failed to properly file an Amended Complaint, consistent with this Court's Administrative Procedures, and the undersigned's "Order" (Document No. 17, p.4).  Nevertheless, the Court accepted *pro se* Plaintiff's proposed "First Amended Complaint" (Document No. 16-1).  See (Document No. 36, p.2, n.1).  Plaintiff's only claim against the Bernhardt Defendants was for alleged violations under the FDCPA.  (Document No. 16-1, pp. 4-5).

3

> and/or already adjudicated by, the state court. The record is clear that the District Court of Mecklenburg County, North Carolina, in <u>Citibank, N.A. v. James Rink</u>, 12-CVD-13001, entered judgment against James Rink for the precise amount of money he now alleges that the Bernhardt Defendants were wrongfully attempting to collect on behalf of Citibank, South Dakota, N.A. <u>See</u> (Document Nos. 16-1 and 23-1). The state court also awarded the Bernhardt Defendants "reasonable attorney fees." <u>Id.</u> Moreover, Plaintiff acknowledges in *both* his original "Complaint" and his "First Amended Complaint" that "Bernhardt and Strawser is currently engaged in another legal action with Plaintiff in North Carolina *involving the same issues as this complaint*." (Document No. 1, p.3; Document No. 16-1, p.3).

<u>Rink</u>, 2013 WL 3712302, at 4; (Document No. 36, pp.5-6).

Neither party filed an objection to the "Memorandum And Recommendation," which was then adopted by the Honorable Robert J. Conrad, Jr. on July 12, 2013. <u>Rink</u>, 2013 WL 3712302, at *1; (Document No. 37).

Defendants' "Motion For Attorney's Fees" (Document No. 39) was filed July 24, 2013, along with a "Memorandum In Support Of Motion For Attorney's Fees" (Document No. 40). Plaintiff failed to file a timely response to the pending motion, and the Court issued an "Order" *sua sponte*: (1) allowing Plaintiff an extension of time to file a response; (2) ordering Plaintiff to file a response to the pending motion on or before August 28, 2013; and (3) advising Plaintiff that "[f]ailure to file a timely and persuasive response may lead to the relief being granted." (Document No. 41). To date, Plaintiff has failed to file any response.

**DISCUSSION**

The Bernhardt Defendants' pending motion seeks award of attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3). (Document No. 39). Section 1692k specifically provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the

work expended and costs." 15 U.S.C. § 1692k(a)(3). This language has been construed by another court as being "designed to thwart efforts of a consumer to abuse the FDCPA and avoid responsibility to pay a legitimate debt." South v. Midwestern Audit Servs., Inc., 2010 WL 5088765, at *8 (E.D.Mich. Aug. 12, 2010).

A district court's finding on the issue of bad faith, and a resultant decision to grant attorneys' fees under the FDCPA, are reviewed for clear error and abuse of discretion. Smith v. Argent Mortg. Co., 331 Fed.Appx. 549, 559 (10th Cir. 2009) (citing Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 96 (2d Cir. 2008); Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 933 (9th Cir. 2007); Horkey v. J.V.D.B. & Assocs., Inc., 333 F.3d 769, 774 (7th Cir. 2003)). In Smith, the Tenth Circuit Court of Appeals affirmed the district court's award of $18,601 in fees against *pro se* plaintiffs pursuant to § 1692k(a)(3). Id.

As the prevailing party, it appears that the Bernhardt Defendants have appropriately filed this motion for attorney's fees at the close of proceedings in this matter. See Johnson v. Brock & Scott, PLLC, 2012 WL 4483916 at *7 (E.D.N.C. Sept. 27, 2012).

> For an award to be made, "there must be evidence that the plaintiff knew that his claim was meritless and that plaintiff pursued his claims with the purpose of harassing the defendant." Gorman v. Wolpoff & Abramson, LLP, 435 F.Supp.2d 1004, 1013 (N.D.Cal.2006). Defendant bears the burden of establishing that Plaintiff's complaint was filed in bad faith and for the purpose of harassment in the context of the motion for an award of attorneys' fees. See Morrison Knudsen Corp. v. Fireman's Fund Ins. Co., 175 F.3d 1221, 1246 (10th Cir. 1999); Perry v. Stewart Title Co., 756 F.2d 1197, 1211 (5th Cir. 1985).

Allers-Petrus v. Columbia Recovery Group, LLC, 2009 WL 1160061, at *1 (W.D.Wash. Apr. 29, 2009); see also, Childers v. Receivables Performance Management, LLC, 3:11-cv-194-RJC-DSC (Document No. 31) (W.D.N.C. May 24, 2012) ("Order" adopting "Memorandum And Recommendation" that attorney's fees based on § 1692k(a) be awarded).

5

After careful review of the Bernhardt Defendants' motion, memorandum, and attachments, the undersigned is persuaded that an award of reasonable attorney's fees is appropriate here. See (Document Nos. 39 and 40). Moreover, Plaintiff has been allowed ample opportunity to file a response to the pending motion, as ordered by the Court, but has failed to file any response. See (Document No. 41).

Although an award of fees against a party appearing *pro se* is unusual in this Court, the undersigned is particularly concerned by Defendants' un-refuted allegations that Plaintiff's "Application To Proceed In District Court Without Prepaying Fees Or Costs" (Document No. 2) significantly misrepresented his actual circumstances and resources. (Document No. 40, pp.10-13). In addition, as Defendants argue and this Court ultimately determined, this is a lawsuit that essentially attempted to re-litigate issues that were decided by the state court and never should have been brought to federal court. Rink, 2013 WL 3712302; (Document Nos. 36 and 37).

In his "Order" (Document No. 5) allowing Plaintiff to proceed *in forma pauperis*, Judge Conrad effectively warned Plaintiff that if this was a parallel action to a state court proceeding involving the same parties and issues, it would be subject to dismissal in favor of the state-court litigation. (Document No. 5, p.3). Nevertheless, Plaintiff persisted in this action (as well as the state court action) and required both sets of Defendants here to file multiple motions to dismiss. See (Document Nos. 8, 11, 23, 26).

The undersigned notes that on or about April 12, 2013, the state court issued a "gatekeeper order" enjoining Plaintiff from further *pro se* filings without leave of that court. (Document No. 39-1, p. 118). The Mecklenburg County District Court found that Mr. Rink had filed pleadings for the purpose of harassing Citibank, N.A., and that he continued to "attempt to re-litigate and re-argue claims and issues that are precluded and/or have been decided." Id.

6

Based on Defendants' arguments in their "Motion For Attorney's Fees" and "Memorandum Of Law In Support," and Plaintiff's *complete failure to respond*, the undersigned is persuaded that this action was brought in bad faith and for the purpose of harassment. (Document Nos. 39 and 40); see also, 15 U.S.C. 1692k(a)(3). The Court would have been very interested to consider any response from Plaintiff regarding the arguments and allegations in Defendants' pending motion, including the reasonableness of Defendants' proposed fees; however, Plaintiff has declined that opportunity, and the undersigned is, therefore, inclined to accept Defendants' arguments and proposed fees as presented.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants' "Motion For Attorney's Fees" (Document No. 39) be **GRANTED**. The undersigned further recommends that the Bernhardt Defendants be awarded reasonable attorney's fees and costs in the amount of **$12,216.00**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);

Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**

Signed: October 10, 2013

David C. Keesler
United States Magistrate Judge