UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-675-RJC-DCK

| | |
|---|---|
| JAMES RINK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| BERNHARDT & STRAWSER P.A., ) | |
| TONYA URPS and MICHAEL STEIN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendants' Motion for Attorney's Fees and supporting memorandum, (Doc. Nos. 39, 40), the Magistrate Judge's Memorandum and Recommendations (M&R) (Doc. No. 42), and parties' objections, responses and replies. (Doc. Nos. 43-45). It is now ripe for review.

### I. BACKGROUND

By order of July 12, 2013, the Court adopted the recommendation of the Magistrate Judge and dismissed Plaintiff James Rink's (Rink) claim on the grounds that the Court lacked subject matter jurisdiction. (Doc. No. 36 at 6). Specifically, the Court found that Plaintiff's suit involved issues that had been properly litigated in state court, and that the suit in this Court amounted to an appeal of a state court decision in federal court, a practice barred by the Rooker-Feldman doctrine. (Id.). Following dismissal of the suit, Defendant Bernhardt and Strawser P.A. moved to recover attorney's fees against Plaintiff. (Doc. Nos. 39, 40). On October 11, 2013, the Magistrate Judge issued an M&R recommending that the Court grant Defendant's motion and award attorney's fees and costs. (Doc. No. 42). On October 23, 2013, Plaintiff objected to the M&R on due process grounds. (Doc. No. 43). Specifically, Plaintiff noted that

he had not been properly served and was otherwise unaware of the motion as he had been traveling during the period of response. (Id.).

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

## III. DISCUSSION

The M&R is limited to the question of whether to award attorney's fees. Although general, Plaintiff's objections are sufficient to warrant de novo review by this Court.

### 1. Attorneys' Fees Under 15 U.S.C. § 1692k(a)(3)

Under the principle known as the 'American Rule,' each litigant "pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." Marx v. General Revenue Corp., 133 S. Ct. 1166, 1175 (2013) (quoting Hardt v. Reliance Standard Life Ins. Co., 130 S. Ct. 2149, 2157 (2010). Here, 15 U.S.C. § 1692k(a)(3) provides in part that: "On a finding by the

court that an action under this section was brought in bad faith and for the purposes of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." Bad faith may be shown "where the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass . . . rather than obtain a favorable judgment." Glick v. Koenig, 766 F.2d 265, 270 (7th Cir. 1985).

Defendant seeks attorney's fees on several grounds: (1) that Plaintiff proceeded with his claim despite knowing that the Court lacked subject matter jurisdiction and that his suit was without merit; (2) that the lawsuit contained only non-specific, conclusory allegations; and, (3) that Plaintiff lied to the Court on his application to proceed in forma pauperis.

The Court declines to exercise its discretion to award attorney's fees as it does not find that the lawsuit was brought in bad faith as required by the statute. The evidentiary record demonstrates that although Plaintiff's claims were without merit, he did not believe them to be so. A cursory survey of Plaintiff's internet postings demonstrate that Plaintiff believed his legal arguments and strategy might somehow prevail. "The problem isn't my legal basis the problem is they aren't hearing me." (Doc. No. 39-1 at 144). "The content [I] used in my motions came from high profile attorney firms which have won their cases." (Id.). "Initially [i] was thinking of settling for a small fraction just to get this over with but now I want to send them a message not to trample others legal rights." (Id. at 145).

Plaintiff's postings, however absurd, evince a belief that he could somehow prevail by pursuing his particular legal strategy. The legal standard here is bad faith, not bad pro se lawyering, and it requires an objective showing of a subjective intent to proceed for the purpose of harassment and without hope of success. Mr. Rink, defiant and litigious, no doubt sought to harass Defendants; he also, it appears, sought to prevail on his case. Ultimately, Plaintiff is

saved by the deference accorded by courts to pro se plaintiffs and the Court's discretion in whether (or not) to award such fees. "An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." Hughes v. Rowe, 449 U.S. 5, 15 (1980). In declining to adopt the M&R or award attorney's fees, the Court nonetheless counsels Plaintiff that his status as a pro se plaintiff does not afford him license to bring claims that are frivolous, vexatious or without chance of success.

      2.     In Forma Pauperis

In his motion to proceed in forma pauperis, Plaintiff stated to the Court that he was a "garden maintenance worker" who earned a nominal amount per month and possessed no major assets. (Doc. No. 2: IFP Petition). Defendants have submitted evidence that calls Plaintiff's assertions into question. Specifically, Defendants submitted Plaintiff's filings of articles with the North Carolina Secretary of State for various business entities under his control as well as Plaintiff's internet postings of his extensive travel. (Doc. No. 39: Exhibits 10-13). Plaintiff paid the requisite filing fees with the state of North Carolina for his businesses. Such evidence is persuasive that Plaintiff was less than truthful to the Court in his motion to proceed in forma pauperis. In relying on such communications, the Court waived the filing fee and allowed Plaintiff to proceed.

Plaintiff's untruthful disclosures to the Court, while relevant to 1692k(a)(3), are not enough here to convince the Court that the suit was brought in bad faith and for the purpose of harassment as required under § 1692k(a)(3). Properly speaking, Plaintiff's actions constituted an injury to the Court and the proper recourse is to be found not in a statute but in the Court's inherent powers. Such powers include "the ability to fashion appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, 501 U.S. 32, 44-45 (1991).

Here, finding that the Plaintiff was untruthful in his motion to proceed in forma pauperis, the Court VACATES its order granting Plaintiff leave to proceed in forma pauperis, (Doc. No. 5), and ORDERS PLAINTIFF TO PAY TO THE CLERK OF COURT THE FILING FEE.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that that:

1. Defendant Bernhardt and Strawser's Motion for Attorney's Fees is DENIED.

2. The Court's order granting plaintiff leave to proceed in forma pauperis is VACATED.

3. Plaintiff is ordered to pay the Court the filing fee plus interest compounded at the annual rate.

4. This case has already been closed and there are no additional post-trial matters for adjudication.

Signed: January 10, 2014

Robert J. Conrad, Jr.
United States District Judge